UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH BUCHHOLZ CADENA and JENNIFER ROSE DEGOLLADO | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:16-cv-1009-RP |
| OSO DORMIDO, LLC, JAMES SETH, HICKS, CITY OF AUSTIN HOUSING AUTHORITY SECTION 8 | § § § § | |
| Defendants. | § § § | |

**ORDER**

Before the Court is Plaintiff Joseph Buchholz Cadena's Motion for a Temporary Restraining Order (Dkt. 2). The motion requests the Court to grant an immediate restraining order against OSO Dormido, LLC and James Seth Hicks for 9612 Sugar Hill Dr. in Austin. (Dkt. 2). The only assertions made in support of this motion are that Defendants have "threate[ned] to kill and harm through text message and phone recording and will leave plaintiff's homeless as well." (Dkt. 2) These allegations appear to relate to assertions made in Plaintiffs' complaint, which alleges that Defendants or their agents have verbally threatened Plaintiffs and are pursuing an unlawful eviction.

A "party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984). "The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists." *Id.* After reviewing Plaintiffs' complaint and motion for a temporary restraining order, the Court finds that it does not have jurisdiction over Plaintiffs' claims, which primarily relate to a landlord-tenant dispute between two private parties.

1

Further, in order for this Court to issue a temporary restraining order, Plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs the threatened harm the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). Because a temporary restraining order is an extraordinary remedy, it will be granted only if the movant carries the burden of persuasion on all four factors. *Allied Marketing Group, Inc. v. DCL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Based on the unsubstantiated assertions in Plaintiff's motion for a temporary restraining order, the Court is unable to conclude that Plaintiff has a substantially likelihood of success on the merits. This assessment is bolstered by the fact that a local trial judge has already issued regarding Plaintiff Cadena's access to the property in question.

Finally, while the caption of this case indicates that this case is brought by two plaintiffs, Joseph Buchholz Cadena and Jennifer Rose Degollado, only Mr. Cadena signed the pending motion. Plaintiff Cadena admits in the Complaint that Judge Susan Steegs entered an order evicting him from the property earlier this year. To establish constitutional standing, a party "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). It appears to the Court that Plaintiff Cadena alone has filed the instant motion, but that he seeks to prevent the eviction of Ms. Degollado. Because Mr. Cadena has not suffered the alleged injury in question, he does not have standing for purposes of this motion.

In light of the foregoing, it is hereby **ORDERED** that Plaintiff Cadena's Motion for a Temporary Restraining Order (Dkt. 2) is **DENIED**.

**SIGNED** on August 26, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE