**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSEPH CADENA** | § | |
| | § | |
| **V.** | § | **A-16-CV-1009-RP** |
| | § | |
| **JAMES SETH HICKS, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Joseph Cadena's Complaint (Dkt. No. 1); Motion to Appoint Counsel (Dkt. No. 4); and Cadena's Defining Statement (Dkt. No. 11) filed in Response to the Court's ordering Cadena to file a More Definite Statement. The District Court referred the motions to the undersigned Magistrate Judge for a determination on the merits pursuant to a standing order of the Court and 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. Because the Court has already granted Cadena's Application to Proceed *In Forma Pauperis*, the Court must conduct a § 1915(e) review of the claims made in Cadena's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e).

**I. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW**

Because Cadena has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A

complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II. BACKGROUND

In his Complaint, Cadena asserts that beginning in 2009, he cohabited with Jennifer Degollado in a rental unit located at 9614 Sugar Hill, Austin, Texas, owned by James Seth Hicks, a resident of California. Only Degollado was on the lease. Cadena lived with Degollado as her "live

in aide," and was paid to assist her through the Coalition for Texans with Disabilities. Cadena further states that the rent was paid to Hicks by the United States Government pursuant to Section 8.[1] The Complaint asserts that Degollado did not sign another lease after the initial lease ended in September of 2010 until she signed an additional one-year lease in December of 2015.

In May of 2010, the Austin Public Housing Authority inspected the property and identified repairs needed to pass inspection. A notice was sent to Hicks identifying the required repairs. Hicks failed to make the repairs and Cadena made the repairs required to pass inspection. Cadena alleges that Hicks and his property manager ignored various calls requesting maintenance on the property, and that the property was not properly maintained.

In May of 2014, Cadena moved out. In May of 2015, the City of Austin Public Housing Authority inspected the property and informed Hicks that he would not be paid under the Section 8 program until Hicks repaired the property. In July of 2015, Hicks repaired the property. On July 7, 2015, the property was sold in a foreclosure sale to Oso Dormido LLC, which Cadena asserts is actually Hicks. Degollado was informed by Hicks that she needed to move out. However, he allowed

---

[1]The Housing Choice Voucher Program, also known as the Section 8 program, is a federal program administered by HUD pursuant to the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974. 42 U.S.C. § 1437f. The Section 8 housing program was created "for the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing." 42 U.S.C. § 1437f(a). HUD's rental subsidies allow eligible families, "to afford decent, safe and sanitary housing." 24 C.F.R. 981.1(a)(1). Section 8 operates by providing federal subsides to private building owners who are willing to rent to low-income families. These owners enter into Housing Assistance Payment ("HAP") contracts with HUD. HUD then determines the maximum monthly rate the owners may charge as rent. Low income tenants who are eligible to receive Section 8 assistance pay thirty percent of their adjusted gross income toward the HUD-set rent and HUD pays the balance. 42 U.S.C. § 1437f(c)(3), 42 U.S.C. § 1437a(a)(1). Tenant based assistance, such as provided to Degollado, comes in the form of a HUD-funded voucher. An eligible tenant may use the voucher to pay rent at any privately owned building that accepts such vouchers. 42 U.S.C. § 1437f(o). However, a tenant may use the voucher only in a property that "meets housing quality standards for decent, safe, and sanitary housing [as] established by the Secretary [of Housing]." 42 U.S.C. § 1437f(o)(5).

her to stay in the property raising the rent from $763.00 per month, which was the rate for the previous six years, to $1050.00. The rent was paid to Hicks via Section 8 voucher, with the exception of $81.00 per month paid by Degollado. Cadena asserts that Hicks never disclosed that the property was sold in foreclosure and continued to collect the money from the Section 8 program, despite the sale. Cadena asserts that at this time, Hicks began threatening Degallodo with eviction.

In December of 2015, Degollado and Hicks entered into a year long lease of the property, and Cadena moved back in. The heating and air conditioning unit sustained damage, for which Cadena asserts Hicks wrongfully blamed Degollado. Hicks again threatened to evict Degollado, and in March 2016, Degollado was served with a notice to vacate the property. Despite taking Degollado to court, she was not evicted. Again on May 14, 2016, Degollado was served with an eviction notice, stating her $81.00 portion of the rent was not paid. On May 24, 2016, Degollado was arrested for assaulting Cadena. Cadena obtained a protective order against her and continued to reside at the property.

Cadena alleges that somebody tampered with the mailbox and that Degollado did not receive a "Termination of Housing Voucher" letter postmarked June 27, 2016, until July 3, 2016.  The letter set a final hearing date for July 22, 2016.

An eviction suit was filed on July 8, 2016. Cadena attended the July 25, 2016, eviction hearing. The judge entered a default judgment against Degollado and evicted Degollado and Cadena Cadena appealed the eviction, and during that period alleges he was threatened if he did not leave the property.

Cadena alleges that Hicks and Oso Dormido LLC acted to illegally evict Degollado and Cadena in order to sell a property they allege was "acquired through fraud and misrepresentation."

4

He alleges negligence and damages for mental anguish. Cadena complains that Hicks failed to make repairs required to meet the City of Austin Public Housing Authority's standards, requiring Cadena and Degollado to incur expenses and to make the repairs in order to pass inspection. Additionally, Cadena asserts that the Housing Authority of the City of Austin violated Degollado's rights by failing to inform her of her rights as a tenant, failing to assist her with filling out complaint forms to the proper federal agencies and generally failing to advocate for her. Cadena asserts that the City of Austin Public Housing Authority failed to enforce the requirements and guidelines established by HUD, and failed to follow its own rules when it allowed Section 8 payments by the federal government on a property without a lease.

Cadena and Degallado seek a Temporary Restraining Order requesting the Court to restrain threats to kill and harm them communicated through text and phone messages. Additionally, Cadena is seeking monetary relief for negligence, fraud, lost wages, disability, and future income in the amount of $1,000,000.00 Degallado seeks the same relief, along with an award of the property located at 9612 Sugar Hill Dr. located in Austin, Texas. Cadena and Degollado also request the Court to arrest Hicks and find him guilty along with any other co-defendants.

In his "Defining Statement" Cadena asserts federal criminal causes of action for fraud against Hicks stating that "I believe that Degollado and I are victims of white collar crime." (Dkt. No. 11 at 5). Lastly, Cadena alleges that the Austin Public Housing Authority violated his and Degollado's right to due process by not assisting in filing complaints, retaliation, not enforcing tenant rights, and failing to allow Cadena to represent Degollado. Cadena asserts that he has standing to bring his claims pursuant to 42 U.S.C. § 3613. *Id.* at 12.

### III.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires (1) that "the matter in controversy exceed[ ] the sum or value of $75,000" (i.e., the amount of money the plaintiff is seeking) and (2) that the case be between, among other things, "citizens of different states." 28 U.S.C. § 1332. By contrast, federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If the court does not have subject matter jurisdiction, it must dismiss the case. Moreover, "the court has an affirmative duty to raise [ ] issues regarding subject matter jurisdiction, sua sponte, whenever a problem with subject matter jurisdiction is perceived." *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) rev'd on other grounds, 135 S. Ct. 2236 (2015) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction sua sponte.").  A pro se plaintiff's mere assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction. *See, e.g., Lopez v. Kora*, 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (dismissing sua sponte a pro se plaintiff's case for lack of subject matter jurisdiction because the federal statutes cited did not provide a cause of action that applied to the plaintiff's claims), report and recommendation adopted, 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012).

Additionally, Article III of the United States Constitution limits the jurisdiction of the federal courts to resolving "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. To establish Article III

standing, a plaintiff must satisfy three elements: injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561. At the pleading stage, "general factual allegations of injury resulting from defendant's conduct may suffice" to establish standing. *Id.*

In this case, Cadena cannot establish diversity jurisdiction as he has pled that he is a Texas citizen and also sued the City of Austin Public Housing Authority. *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "In order to establish diversity jurisdiction, 28 U.S.C. § 1332 requires complete diversity of citizenship, that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Since Cadena and the City of Austin Public Housing Authority are both residents of Texas, Cadena cannot establish diversity jurisdiction.

Accordingly, any jurisdiction the court might have rests on federal question jurisdiction. Cadena cannot establish federal question subject matter jurisdiction for the reasons set out below.

## IV. ANALYSIS

### A.    Claims brought on behalf of Degollado

Although this lawsuit is a pro se suit nominally brought by both Cadena and Jennifer Rose Degollado, to whom Cadena alleges he is common law married, only Cadena signed the Complaint and only Cadena filed an the Application to Proceed In Forma Pauperis. A pro se litigant may not represent anyone other than him or herself. 28 U.S.C.A. § 1654; *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer"). Degollado, and not Cadena, was the holder of the Section 8 voucher and the lease with Hicks and/or Oso Dormido LLC.  *Kiper v. BAC Home*

7

*Loans Servicing, LP*, 884 F. Supp. 2d 561, 574 (S.D. Tex. 2012), aff'd sub nom. *Kiper v. BAC Home*

*Loans Servicing, L.P.*, 534 Fed.Appx. 266 (5th Cir. 2013) (finding non-party to contract lacks

standing to sue). Thus Cadena does not have personal standing to bring any claims relating to the

lease or loss of the Section 8 voucher on his own behalf, and cannot represent Degollado's interests

pro se. Similarly, Cadena cannot bring claims on behalf of Degollado alleging fraud, disability

discrimination, or violations of her due process rights. Because he attempts to bring these claim on

behalf of Degollado pro se, the Court recommends that all claims Cadena brings on behalf of

Degollado be dismissed.

**B.      Section 8 fraud**

      Cadena brings a claim against Hicks and Oso Dormido, LLC, alleging that Hicks committed

fraud against the United States Government[2] when he wrongfully accepted Section 8 voucher money.

He alleges Hicks has committed "white collar crime," in his administration of the property leased

by Degollado. He brings these claims pursuant to the Fraud Enforcement and Recovery Act of 2009,

18 U.S.C.A. § 1956.[3]

      The Fraud Enforcement and Recovery Act of 2009 is a criminal statute and does not create

a private right of action or authorize a civil action for damages; rather, it only authorizes the federal

---

      [2]The Court notes that Degollado was the recipient of any Section 8 benefits, and that Cadena pleads that he did not sign a lease for 9612 Sugar Hill Drive. Thus, he does not have standing to bring a fraud claim on his own behalf. Additionally, there is no private cause of action under Section 8 or the implementing regulations against a private landlord seeking affirmative money relief. 24 C.F.R. § 982.456 (tenant is not a third-party beneficiary to the HAP contract between the PHA and the owner and "may not exercise any right or remedy against the owner under the HAP contract."); *Green v. Konover Residential Corp.*, No. 3:95CV1984, 1997 WL 736528, at *9 (D. Conn. Nov. 24, 1997).

      [3]Cadena also identifies a plethora of other criminal statutes in his Complaint, and any claim brought pursuant to those statutes also fails for the reasons cited above.

government to prosecute a criminal charge for a violation of the statute. *See Jones v. Bell Enterps., Inc.*, 781 F.Supp. 483, 484 (E.D. Tex. 1991); *see also Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340, n. 20 (9th Cir.1987); *Hill v. Sands*, 403 F.Supp. 1368, 1370 (N. D. Ill.1975) (explaining that "plaintiffs [in a civil action] are not the proper parties to enforce a federal criminal statute"). Having no basis in law for bringing a civil action under Section 1956, federal question jurisdiction over this action cannot exist on this basis and Cadena's criminal fraud claims are properly dismissed.

In his More Definite Statement, Cadena clarified that his main complaint was that Hicks committed "mortgage fraud" when Hicks allowed the property at 9612 Sugar Hill Drive to fall into foreclosure status, and accepted rent through Section 8 while the property was in foreclosure status. Cadena asserts that Hicks was required to notify the City of Austin Public Housing Authority or the United States Department of Housing and Urban Development of the foreclosure or change in ownership. (Dkt. No. 11 at 2). Additionally, Cadena asserts that Hicks committed mortgage fraud when he created Oso Dormido, LLC, and purchased the property at the foreclosure sale in the name of the business entity.

Since he is not a party to the alleged fraudulent mortgage, or the lease on the property, Cadena attempts to bring these claims under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as a qui tam action on behalf of "the American taxpayer." However, a pro se plaintiff cannot bring a qui tam action. *See, e.g., U.S. ex rel. Mergent Servs. et al v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775–76 (7th Cir. 2004); *U.S. v. Onan*, 190 F.2d 1, 6–7 (8th Cir. 1951); *Jones v. Park at Lakeside Apartments*,

Civ. A. No. H–08–0001, 2008 WL 4820083, *2 (S.D. Tex. Nov. 5, 2008); *U.S. ex rel. White v. Apollo Group, Inc.*, No–EP–04–CA–452–DB, 2006 WL 487853, *3 (W.D. Tex. Jan.6, 2006); *Manning v. Pogo Producing Co.*, H–08–2896, 2008 WL 4889032, *1 (S.D. Tex. Nov.12, 2008). Moreover, Cadena did not abide by any of the procedural requirements for bringing a False Claims Act claim. For instance, Cadena did not file the complaint under seal or serve a disclosure statement on the United States Department of Justice. 31 U.S.C. § 3730(b)(2). Thus, the Court lacks jurisdiction over any qui tam claim Cadena might bring.

## C.    Housing discrimination

Cadena also asserts that he has standing to bring claims pursuant to 42 U.S.C. § 3613 of the Fair Housing Act. The Fair Housing Act affords a private cause of action to any "aggrieved person" which is any person who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3613(a)(1)(A); 42 U.S.C. § 3602(I). Cadena alleges in his Complaint that Degollado is disabled and that she was wrongfully evicted. (Dkt. No. 1 at 17). Because, among other reasons, his claims are based upon Degollado's disability and not his own, he cannot make out a disability claim under the Fair Housing Act.

While Cadena also alleges that he is disabled and has suffered an injury, to make out a prima facie case of disability discrimination under the Fair Housing Act he must show that: (1) he is a member of a protected class; (2) he sought and was qualified to rent or purchase housing; (3) he was rejected; and (4) the housing opportunity remained available to other renters or purchasers. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). In this case, Cadena does not plead that he sought or was qualified to rent or purchase housing, and therefore cannot make out a FHA claim on his own behalf,

10

even if his is disabled. Because he is not a renter of the property in issue, and only Degollada can make out a claim for disability discrimination on her own behalf or based upon the disability of someone she associated with, Cadena has failed to state facts supporting the claim in his complaint, and it is properly dismissed. *Gallardo v. Enright*, No. 3:07–cv–93–M, 2007 WL 1423860, at *1–*2 (N.D. Tex. May 14, 2007). Moreover, no tenant can assert a private right of action under the FHA for due process violations or tort claims, *Rodgers v. Garland Housing Agency*, No. Civ. 3:01-CV-0477-H, 2001 WL 1029516, at *3 (N.D. Tex. Aug. 21, 2001). The FHA only affords an aggrieved person a private right of action for discriminatory housing practices. 45 U.S.C. § 3613; *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003).

**D.     Due process claims**

Cadena sues the Austin Public Housing Authority pursuant to 42 U.S.C. § 1981, alleging violations of Degollado's due process rights. He alleges that the Austin Public Housing Authority failed to "do their part in enforcing the guidelines and requirements established by HUD." He also asserts that the Austin Public Housing Authority violated Degollado's due process rights by failing to inform her of her rights, failing to assist her in filling out complaint forms to federal agencies, and ignoring complaints made by Cadena.

Section 1981 provides all persons the same right to "make and enforce contracts.. . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Cadena cannot state a claim under § 1981 because he has failed to identify injuries resulting from a racially motivated breach of his own contract. He has only identified harm caused by Degollado's eviction, based upon her lease with her landlord. Because he was not a party to the lease, Cadena cannot make out a § 1981 claim. *Domino's, Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006).

11

To the extent Cadena attempts to make out a claim pursuant to 42 U.S.C. § 1983, that claim also fails. The Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. This guarantee affords procedural protections, including notice a meaningful opportunity to be heard as to certain deprivations. *Daniels v. Williams*, 474 U.S. 327, 331–32 (1986); *Zhang v. Gonzales*, 432 F.3d 339, 346 (5th Cir.2005); *Freeman v. City of Dallas*, 186 F.3d 601, 606 (5th Cir. 1999). Section 8 vouchers, like welfare benefits, are a property interest for purposes of due process. *See Goldberg v. Kelly*, 397 U.S. 254, 262 (1970). However, Degollado and not Cadena held a property interest in a Section 8 voucher.[45] Cadena does not have standing to bring a due process claim for alleged violations of Degollado's rights. Cadena cannot bring a due process claim against the Austin Public Housing Authority. This claim is properly dismissed.

## E.    Wrongful eviction and other state law claims

Cadena also generally alleges a tort claim for wrongful eviction. "Texas cases recognizing a claim for wrongful eviction generally involve an eviction of a tenant by a landlord." *Ezennia v. Wells Fargo Bank, N.A.*, No. CIV.A. H–10–5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr.27, 2012). To prevail in this cause of action, a plaintiff must prove: (1) the existence of an unexpired lease contract; (2) occupancy of the property in question by the plaintiff; (3) eviction or dispossession by the landlord; and (4) damages attributable to the eviction. *Id.* (citing *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App. – Corpus Christi 1964, writ ref 'd, n.r.e.). Cadena

---

[4]Additionally, it appears that Degollado received a notice of the hearing to terminate her Section 8 Voucher several weeks prior to the hearing.

cannot establish the existence of an unexpired lease to which he was a party, and therefore cannot make out a claim for wrongful eviction.

Additionally, landlord-tenant disputes and eviction actions are typically state law claims. *Stump v. Potts*, 322 F. App'x 379, 380, 2009 WL 1033592 (5th Cir. 2009); *The Home Loan Cntr. v. Thompkins*, No. 06–10379, 2006 WL 335707, at *2 (E.D. Mich. Feb.14, 2006); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D. N.Y. 2002) (noting it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law).

Cadena asserts additional state law causes of action (e.g., fraud, negligence, violations of the Texas Property Code, etc. ). 28 U.S.C. § 1367, confers supplemental jurisdiction over state law claims when they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." Therefore, if Cadena's "federal question" claims were viable, this court would have discretion to entertain the related claims even though they are governed by state law.

In this case however, the court has found that it must dismiss all the federal question causes of action, and therefore declines to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Accordingly, the Court dismisses Cadena's wrongful eviction and other state law claims for lack of jurisdiction.

## III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY RECOMMENDS** that the District Court **DISMISS** this cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B). **IT IS**

13

**FURTHER ORDERED that** Motion for Appointment of Counsel (Dkt. No. 3) is **DENIED AS MOOT. IT IS LASTLY ORDERED** that this cause of action is **REMOVED** from the undersigned magistrate's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of October, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

14